Read, J.
William H. Harrison, Jacob Burnet, and Lewis Whiteman had, by deed, with full warranty, conveyed this property to Isaac G. Burnet, with power to sell and pay to Elias Boudinot $4,000.
This deed places the legal title in Isaac G-. Burnet, the lessor of the plaintiff in ejectment. Whilst the legal title was thus in Isaac Gr. Burnet, one-third of the estate was sold under a decree, as the property of William H. Harrison. The purchaser then, of course, takes but Harrison’s interest, whatever it may be.
Having but the equity, at most, by thé sheriff’s deed, he is here in court, urging it as a bar to a recovery in an action of ejectment.
Counsel perceive that this is an end of their case, and seek to avoid it, by contending that the payment of the $4,000 to Boudinot, ipsto facto, destroyed the deed to Isaac Gr. Burnet, and reinvested the cestui que trust, William H. Harrison, with the legal title, and that it has passed to the purchaser under the decree.
To make out this conclusion, it is contended that this is a case of a satisfied mortgage.
*To place it upon the most favorable footing for the defendant in ejectment, it is not a satisfied mortgage, but a satisfied trust. A cestui que trust having the legal title, may maintain ejectment after the trust is satisfied. Hopkins et al. v. Stephens et al., 2 Rand. 422; Hopkins et al. v. Ward et al., 6 Munf. 38. From anything that appears in the record, Isaac Gr. Burnet may be more than & mere naked trustee; he may have an interest.
There is nothing in this deed to distinguish it from an ordinary deed of trust, where a conveyance of the trustee to the cestui que trust is necessary to reinvest him with the legal title. It is not at all the case of a mortgage, because a mortgage is a mere incident *292 to a debt which it is given to secure, and never divests the legal title of the mortgagor as to the rest of the world, nor even as to’ the mortgagee, except to allow him to obtain possession and apply the rents and profits to satisfy his debt. A mortgage lives and dies with the debt; satisfaction destroys it.
But such is not this case. The whole legal title passed in trust to the lessor of the plaintiff, where it remains, and entitles him to recover in ejectment.
The court did not err in their charge to the jury.
Judgment affirmed.