## HUNTER et al. v. QUICK et al.

No. 28091.   May 17, 1938.

J. G. Hughes, for plaintiffs in error.

R. Place Montgomery, for defendants in error.

PHELPS, J.  The appeal is from a judgment enjoining the plaintiffs in error, defendants below, as a board of trustees of the firemen's relief and pension fund of the fire department of the city of Hobart, and their successors in office, from paying out to Kay Turner, and enjoining Turner from receiving, any pension or money from the firemen's pension fund of said city.

The essential facts in the case are substantially as follows:  The city of Hobart, a city of the first class, maintains a paid fire department with equipment exceeding in value the amount of one thousand dollars.  The defendant Kay Turner was a regularly appointed fireman and served as such from April 1, 1916, to May 9, 1933. On May 1, 1933, the fire chief submitted to the mayor a list of persons for appointment as firemen.  Turner's name was not included among those recommended.  On May 9, 1933, the mayor submitted to the council for its approval a list of appointees as firemen, which persons were those recommended by the fire chief.  The city council, by resolution, approved the appointments. The resolution, among other things, provided:

"That said appointive officers and employees above named shall hold their respective offices and positions until their successors are chosen, appointed and qualified and shall receive for their services the compensation now provided by ordinance."

On May 10, 1933, the city clerk addressed the following letter to the defendant Turner:

"As city clerk of Hobart, and secretary to the mayor and council, it becomes my duty to advise you of the action of the mayor and council at their regular meeting held Tuesday evening May 9th, at which time they made the appointment of their officers and employees, at which time your services was discontinued, and it is the request of the mayor and council that you return any equipment that you may have that belongs to the city.

"Yours very truly,

"City Clerk."

In response to the foregoing communication, Turner delivered his equipment to the fire department.  Intermittently thereafter Turner responded to some fire alarms, for which he filed claims which were disallowed

by the mayor and the city council "for the reason that claimant is not a member of the fire department." Turner took no action on the claims, and the persons recommended for firemen by the fire chief and appointed by the mayor and approved by the city council on May 9, 1933, served as firemen, and were paid as such.

In February or March, 1936, under a succeeding administration, and on advice of the city attorney, Turner's name was placed on the records in the office of the city clerk as a fireman and was paid as such officer from March, 1936, to April 2, 1936. On or about the latter date, Turner presented his resignation to the then mayor and city council and made application for a service pension of $25 per month as a retired fireman, stating in his application that he had served as a paid fireman continuously from April 1, 1916, to April 2, 1936. The application for pension was allowed and ordered paid.

The defendants appeal from the judgment of the trial court enjoining the payment of the pension and present their assignments of error under two propositions, as follows:

"That the term of office of Kay Turner, as a paid fireman of the city of Hobart, did not expire on the first Monday in May, 1933, and the attempted removal of Kay Turner as a fireman was made without cause and not in the manner provided for by law, was a nullity, and the injunction should have been denied."

The statutory provisions and the ordinances of the city of Hobart applicable to the case are as follows:

"The paid chiefs of all paid fire departments shall be appointed by the mayor by and with the consent of the city council." (6082, O. S. 1931, Okla. St. Ann. Tit. 11, sec. 331.)

"The paid members of all paid fire departments in the state of Oklahoma, shall, on approval of the chief of the fire department, be appointed by the mayor, by and with the consent of the city council." (6084, O. S. 1931, Okla. St. Ann. Tit. 11, sec. 333.)

"The chief and members of all paid fire departments appointed hereunder shall hold their respective positions unless removed for a good and sufficient cause." (6085. O. S. 1931, Okla. St. Ann. Tit. 11, sec. 334.)

"Any person at the taking effect of this act, or thereafter, who shall have been duly appointed and enrolled, and has served for a period of 20 years or more in some fire department in the state of Oklahoma, as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period, as a member

in any capacity or rank whatever, of a regularly constituted fire department of any such city or town, which is or may hereafter be subject to the provisions of this chapter, and his service in such fire department shall have ceased, shall be entitled to be retired from such service and shall be entitled to be paid from such fund a monthly pension equal to one-half of the salary attached to the rank which he may have held in said fire department, preceding the date of such retirement, whether said service be performed as a volunteer, or a member of a part paid or full paid department, in the event of the death of any person who has been awarded a pension under the provisions of this Act, his widow, children or other persons wholly dependent on such person for support shall be paid the pension so awarded, provided, whenever a widow, child, or children, should marry, or child or children shall become the age of 16, they shall receive no further pension." (Sec. 6101, O. S. 1931, Okla St. Ann. Tit. 11, sec. 364).

"The mayor and council shall employ, from time to time, by and with the consent of the fire chief, such paid and voluntary firemen, as may be deemed necessary." (Section 35. art. 8, chap. 2, Ordinances of City of Hobart.)

The defendants contend that the removal of a member of the fire department "for a good and sufficient cause," as provided in section 6085, O. S. 1931, contemplates the filing of charges against the officer, and a hearing thereon, at which hearing evidence in support of and against the charges may be produced and heard. Citing Christy v. City of Kingfisher, 13 Okla. 585, 76 P. 135. In the cited case the officer was the city marshal, an elective officer, for a definite term. Under the facts presented in that case the court held that an attempted removal. without a hearing, was ineffective. See Wentz v. Thomas, 159 Okla. 124, 15 P.2d 65; Notes 99 A. L. R. 358.

In the present case, under the statutes and the ordinance of the city, the position of fireman is an appointive office: the appointment being made for an indefinite time, subject to removal for good and sufficient cause. In such condition the general rule is announced in 22 R. C. L. 562, as follows:

"When the term or tenure of a public officer is not fixed by law, the general rule is that the power of removal is incident to the power to appoint. The tenure not having been declared by law the office is held during the pleasure of the authority making the appointment. Hence, in the absence of all constitutional or statutory provision as to the removal of public officers, the power of removal is considered as incident to the power of appointment. * * *

But the power of removal is not incident to the power of appointment, where the extent of the term of office is fixed by the statute."

Section 9147, O. S. 1931, provides:

"The Governor shall appoint, by and with the advice and consent of the Senate, a Bank Commissioner, who has been a taxpayer for three (3) years prior to appointment, who is a citizen of Oklahoma and who has had at least five (5) years active banking experience, and who shall hold office for a term of four (4) years, and until his successor is appointed and qualified. * * *"

Section 9145, O. S. 1931, provides that the Bank Commissioner and the members of the Banking Board shall be subject to removal by the Governor "for cause." In Bynum v. Strain, Bank Commissioner, 95 Okla. 45, 218 P. 883, this court discussed exhaustively the question of removal of an appointive officer for cause. In the body of the opinion we said:

"Neither is it necessary to analyze the decisions involving the right of removal from elective offices. The direct question we have before us is the right of the Governor to remove an appointee from an appointive position in a subordinate department of the Governor's special sphere of responsibilities. The Legislature has created the department in question, created the appointive position in question, given the Governor the appointing power, and authorized the Governor to remove the appointee for cause, and furthermore has authorized the Governor to determine the sufficiency of cause. This takes it away from the courts. For the courts to attempt to interfere would be to attempt to exercise an authority which the law has expressly vested in another department of government."

In addition to the above authority we believe the decision of this court in City of Wewoka v. Rodman. 172 Okla. 630, 46 P.2d 334, is conclusive of the issue presented in the present case. In that case the removal was made under a provision in the city charter of Wewoka, but in discussing section 6085. O. S. 1931, supra, in the body of the opinion, we said:

"Statutes 1931, sec. 6085, prohibits the removal of firemen except for 'good and sufficient cause.' This seems all there is to the state law; we have found no law defining cause, or making provision for hearing. So if the question were one of state law, it would depend upon whether there was sufficient cause for the removal.

"Good and sufficient cause is not limited to the misconduct or inadequacy of the employee. In the instant case the chief of the fire department had resigned. Rodman, who had not been employed for a definite time, was notified by Mr. Carver, the mayor and police commissioner, that his employment under the old arrangement was at an end. He was told that for further consideration he should see the new chief, and the latter was named in the letter. Rodman was informed that it was the policy of the mayor to allow the chief to select his own men, subject to the approval of the mayor. It is a policy that appeals to us as wise. A city fire department is not a charitable institution. It has duties demanding a discipline and loyalty that are better secured by allowing the chief to select his own men than by any civil service scheme. We believe that the removal in the instant case was for 'good and sufficient cause' found in the tendency of the policy of the mayor to give a more efficient and better disciplined fire department. See State v. Brenner, 171 Okla. 320, 42 P.2d 823."

The defendants discuss the provisions of section 3447, O. S. 1931, which provides for the removal of elective or appointive officers of the state, county, city, etc., who are not subject to impeachment. This section designates certain causes for removal. The causes enumerated therein are not exclusive and, in our opinion, in no manner interfere with the authority to remove provided for in section 6085, O. S. 1931, supra.

Complaint is also made of the manner of Turner's removal; that the records in the office of the city clerk are not sufficiently clear to constitute removal from office as contemplated by law. We conclude that this contention is without merit. The record shows that Turner was not recommended for appointment by the fire chief; his name was not included among those appointed by the mayor and approved by the council. He was advised by letter from the city clerk that his services as fireman were discontinued and in response to such communication he surrendered to the proper officer his equipment. We believe that the facts are sufficiently expressive to constitute a legal removal from office.

In Smith v. Mayor and Board of Aldermen of Woonsocket, 127 A. 562, the Supreme Court of Rhode Island said:

"The power of removal is for such cause as the mayor shall deem sufficient; it is the judgment of the mayor in regard to the sufficiency of the cause, not of the court, which is decisive. He can act on knowledge obtained by his own observation and investigation, and he is not restricted in the method by which he makes a decision, which is personal. * * *

"To remove a public officer without a hearing may or may not be a wise or fair procedure; but the determination of such considerations is for the Legislature, not the courts. So far as appears, the mayor and board of aldermen acted in good faith. If the removals are improper or unjust the appeal therefrom is to the voters of the city."

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur.