GOODWIN v. OKLAHOMA CITY et al.

No. 31569. June 24, 1947.

*182 P. 2d 762.*

Gomer Smith, Jean P. Day, and Harry Neuffer, all of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, both of Oklahoma City, for defendants in error.

CORN, J. This is an appeal from the action of the district court of Oklahoma

county in sustaining defendants' objection to the introduction of evidence by plaintiff, and rendering judgment dismissing plaintiff's petition, in an action brought by plaintiff for writ of mandamus.

Plaintiff brought this action against the city of Oklahoma City, the mayor, city manager, and city councilmen, seeking a writ of mandamus to compel his reinstatement as a member of the police force. The petition alleged plaintiff's appointment as a police officer in 1934, upon the basis of a civil service examination; that on August 20, 1936, he was wounded in line of duty and upon recovery was employed as police department radio dispatcher; that he was discharged by the city manager on April 14, 1943, by reason of his refusal to resign his membership in an organization known as Fraternal Order of Police; that his dismissal was in violation of the First and Fourteenth Amendments of the Federal Constitution and of section 3 of article 2 of the State Constitution, and certain sections of our statutes, 11 O. S. 1941, §§ 541, 542, authorizing cities to set up a system of police pensions and retirements; that plaintiff had acquired a valuable right in such benefits authorized by statute, which further provided that an officer could not be discharged without cause.

Plaintiff further alleged that the provisions of the Oklahoma City charter, purporting to empower the city manager to appoint and discharge officers, were void because under the Constitution and laws of the state such powers are conferred upon the mayor, and they are in conflict with the city charter which makes the mayor the chief executive officer. Plaintiff then alleged that his discharge was arbitrary and capricious and without cause, that he had no adequate remedy at law, and so sought writ of mandamus requiring reinstatement to his position.

An alternative writ of mandamus was issued, to which defendant made return and filed answer, denying that plaintiff's discharge was an arbitrary act, but was within power of city manager, whose decision was final; that under the general law (regardless of the city charter) the power of appointment carries with it the right to discharge without cause; that where determination of the sufficiency of the cause for discharge is placed within discretion of the appointing power (city manager) his judgment as to sufficiency of cause is not reviewable.

When the case was called for hearing defendants objected to the introduction of evidence for the reason plaintiff had failed to state facts sufficient to constitute grounds for issuance of a writ of mandamus. The trial court took the matter under advisement and thereafter sustained defendants' objections and rendered judgment against plaintiff dismissing the petition.

The contentions made by plaintiff in seeking reversal of this judgment are best considered under the arguments advanced by plaintiff as follows:

(1) Even though the city manager had the right to discharge plaintiff for cause, to discharge him for membership in this organization (Fraternal Order of Police) was violative of plaintiff's rights under the Federal and State Constitutions.

(2) Police departments are matters of general state concern, and protected by general state laws, and under the general statutes (dealing with such matters) plaintiff could not be discharged without cause.

(3) As an appointee under civil serv-

ice provisions of the city charter the city manager could not discharge plaintiff without cause.

Under the first argument plaintiff asserts that discharging him for his refusal to cease his activities with the Fraternal Order of Police denied him the rights of assembly and equal protection of the laws guaranteed by the First and Fourteenth Amendments of the Federal Constitution, and by section 3, art. 2, Constitution of State of Oklahoma.

It is not explained how plaintiff's discharge constituted a denial of his rights to petition or assemble. Plaintiff was an appointive employee. Employment was not for a specified period. The city as his employer, acting by and through the city manager, was informed that plaintiff was an active member of a certain organization. Investigation of the purposes and activities thereof led his employer to believe that such functions were inimical to the employer's interests and to plaintiff's abilities to perform his duties. The employer called upon plaintiff to choose between continuing his membership in the organization and forfeiting his employment, or resigning from such organization and continuing in his position.

In Bemis v. State, 12 Okla. Cr. 114, 152 P. 456, it was held;

"Whatever either employer or employee has the right, under the due process of law clause of Const. U. S. Amend. 14, to treat as sufficient ground for terminating the employment, where there is no stipulation on the subject, he has the right to provide against by insisting that a stipulation respecting it shall be a sine qua non of the inception of the employment or of its continuance, if it be terminable at will."

There was no denial of a constitutional right.

The second ground of plaintiff's argument is that under the general statutes of the state he could not be discharged without cause. This contention is based upon 11 O. S. 1941 § 577, which provides for discharge of police officers upon grounds enumerated therein; and upon 11 O. S. 1941 § 541s, which provides in part: ". . . No policeman or police officer may be discharged by the governing officer or body without cause."

It is plaintiff's theory that the police, or police departments, of cities, are matters of general concern to the state at large, and subject to the general laws, without regard to provisions of the cities' charters. In support of this argument plaintiff relies upon City of Sapulpa v. Land, 101 Okla. 22, 223 P. 40, and Walton v. Donnelly, 83 Okla. 233, 201 P. 367.

The Land Case has no application to the present appeal. Therein it was held that a city could not provide for the assessment and collection of taxes in a manner contrary to that prescribed by statute, the Constitution providing that all taxes must be levied and collected pursuant to uniform laws.

Neither is Walton v. Donnelly, supra, authority for plaintiff's argument, since it merely holds that the city commissioners could not divest the mayor of control of the police department.

The matters urged by plaintiff have been considered numerous times heretofore. In Hinz v. Hubbard, 95 Okla. 164, 216 P. 440, we held that under express charter provision such control could be transferred. The rule is settled that the city charter adopted by the city becomes the organic law of the city, superseding the general laws relating to municipalities in matters of purely municipal concern. Pitts v. Allen, 138 Okla. 295, 281 P. 126; Whitson v. City of Ada, 171 Okla. 491, 44 P. 2d 829; Sparger v. Harris, 191 Okla. 583, 131 P. 2d 1011; Brown-Crummer Investment Co. v. City of Purcell (Okla.) 128 F. 2d 400.

We believe it firmly established that the provisions of the city charter relating to the removal or discharge of

appointed officers or employees, are solely matters of municipal concern and control over the general laws.

In connection with section 541s, mentioned heretofore, it is sufficient to note that such provision does not enumerate the causes prerequisite to removal, and we have held that good or sufficient cause is not limited to misconduct or inadequacy of the employee. See Hunter v. Quick, 183 Okla. 19, 79 P. 2d 590, and cases therein cited.

The final contention made by plaintiff is that the city manager is without authority to discharge a police officer who is under the provisions of the civil service sections of the city charter and general laws of the state relative to police pensions and retirement.

Plaintiff urges that article 3, §§ 1-17, inclusive, of the city charter provide for the civil service system, and likewise enumerate the grounds for removal of those coming under such provisions. Thus plaintiff says he was entitled to the benefits provided by this article, and that he had to be found guilty upon one of the grounds therein enumerated before his removal would be valid, and this only in the event the charter provisions prevail over the general laws of the state relative to public officers.

Having concluded that the charter provisions prevail over the general laws of the state, there remains only the question whether the city manager had authority to discharge without cause an officer under the civil service provisions of the city charter.

The trial judge based his judgment in this matter squarely upon our decision in Blinn v. Hassman, 162 Okla. 1, 18 P. 2d 881. Plaintiff insists that decision is not analogous to the present case, inasmuch as the employee there involved, while coming under civil service provisions of the charter, did not occupy a position coming under the general laws of the state relating to public (po-lice) officers. We believe this attempted distinction is without substantial merit.

The opinion in the Hassman Case studiously reviews the charter provisions, and the amendments, as concerns the abolition of the city council form of government and the establishment of the managerial form. Therein it is held that the city charter, as amended, vests in the city manager the power of suspension and removal of appointive officers and employees coming under the civil service provisions of the city charter; and that such power can be exercised without cause, when the interests of the city so require. The language of the opinion is incapable of other interpretation.

". . . The only power to remove officers and employees appointed by the manager is vested in the city manager. . . . Now, the entire power of suspension and removal is in the city manager, and this when in his judgment the interests of the city service so require. The removal need not be for cause."

Judgment affirmed.