FIRE DEPARTMENT CHIEF — QUALIFICATIONS The Chief of any paid fire department must be disqualified from serving as such chief where he lacks three years actual experience as a paid fireman. Method of removal is to be determined by the provisions of the city charter, or, if the city government is one of statutory form, by the appointing authority. The Attorney General has considered your letter in which you asked: "1. Is the chief of any paid fire department of a town and/or city disqualified from serving as such chief where he lacks three years actual experience as a paid fireman? "2. If your answer to the foregoing is in the affirmative, what steps must be taken and/or procedure followed in order to remove the chief lacking those statutory qualifications?" A plain reading of the statute requires that your first question be answered in the affirmative. Title 11 O.S. 332 [11-332] states: "The chief of any paid fire department so appointed shall have had at least three years actual experience as a paid fireman." Title 11 O.S. 334 [11-334] states: "The chief and members of all paid fire departments appointed hereunder shall hold their respective positions unless removed for a good and sufficient cause." In this instance, failure to meet the statutory requirements for a fire chief would constitute a "good and sufficient cause" for removal from his position. Title 11 O.S. 331 [11-331] provides: "The paid chief of all paid fire departments shall be appointed by the mayor by and with the consent of the city council." A reasonable construction of this statute indicates that the fire chief's term is discretionary with the mayor and the council. 56 Am.Jur.2d, Municipal Corporations, etc., 33, states: "The general conclusion to be drawn from the cases is that if a municipal or county officer does not hold office for a fixed term, and there is no constitutional or statutory provision from which it appears, or may be inferred, that notice and hearing are required before removing him from office, the power of removal may be exercised at any time without notice or hearing." The dismissal of the paid chief of all paid fire departments is solely a matter of municipal concern. City of Wewoka v. Rodman, Okl., 46 P.2d 334
(1935); Moore v. Oklahoma City, 122 Okl. 234,254 P. 47 (1927); Goodwin v. Oklahoma City, 182 P.2d 762 (1947). It is, therefore, the opinion of the Attorney General that the chief of any paid fire department must be disqualified from serving as such chief where he lacks three years actual experience as a paid fireman. Method of removal is to be determined by the provisions of the city charter, or, if the city government is one of statutory form, by the appointing authority. (Odie A. Nance) ** SEE: OPINION NO. 75-139 (1975) **