Meryl MEDER, Plaintiff–Appellant,

v.

CITY OF OKLAHOMA CITY, et al., Defendants–Appellees.

No. 87–2541.

United States Court of Appeals, Tenth Circuit.

March 7, 1989.

Steven M. Angel, Oklahoma City, Okl., for plaintiff-appellant.

Gerald S. Rakes, Asst. Mun. Counselor (Robert D. Allen, Municipal Counselor, with him on the brief), Oklahoma City, Okl., for defendant-appellee City of Oklahoma City.

Jonathan D. Woods, Asst. Mun. Counselor (Robert D. Allen, Mun. Counselor, with him on the brief), Oklahoma City, Okl., for defendants-appellees Gramling, Wilder, Chambless, and Colbert.

Before SEYMOUR and SETH, Circuit Judges, and SEAY,* District Judge.

SEYMOUR, Circuit Judge.

Meryl Meder brought this action pursuant to 42 U.S.C. § 1983 (1982), alleging that he was denied procedural due process when the Oklahoma City Police Department ter-

* Honorable Frank H. Seay, United States District Judge, Eastern District of Oklahoma, sitting by

designation.

minated his employment. The district court granted summary judgment for defendants. *See Meder v. City of Oklahoma City,* 672 F.Supp. 500 (W.D.Okla.1987). The court concluded that Meder did not have a property interest in his employment or, alternatively, that Meder had received due process with respect to the deprivation of this interest. The court also concluded that Meder's liberty interests in his reputation and future employment were implicated by the nature of his discharge, but that no denial of due process had occurred. On appeal, Meder contends that he has demonstrated both a property and a liberty interest, and that he was not provided adequate due process. We affirm.

## I.

The facts underlying this action are not in dispute. Meder admittedly phoned a Highway Patrol trooper on behalf of Gregory Jantz to see if the trooper could do anything about some tickets Jantz had received from the Highway Patrol. Meder also admitted that he subsequently received four free tires for his personal vehicle from Jantz, who worked in a service station. On October 7, 1983, Meder was informed in an oral interview that the above facts were grounds for discharge and possible criminal proceedings, and was given the option of contesting the action or resigning. On October 10, he received written notice of an October 13 hearing before a disciplinary board on his proposed discharge. Following this hearing, Meder's employment was terminated.

## II.

■ Meder asserts that he has a property interest in his employment by virtue of the Police Pension and Retirement Act, *see* Okla.Stat. tit. 11, § 50–123 (1978 & Supp. 1988). This court was presented with a similar argument in *Graham v. City of Oklahoma City,* 859 F.2d 142, 146 n. 6 (10th Cir.1988), but refused to reach it because it had not been presented to the trial court. We likewise need not reach it because, even assuming that Meder had a property interest in his employment, we agree with the trial court that Meder received due process.

Meder asserts on appeal that the process afforded him was inadequate because the disciplinary board was not impartial. However, the undisputed evidence is to the contrary. Meder admitted in his deposition that no one on the board should have been excluded as a member, and that he had no reason to question the board's composition. *See* rec., supp. vol. I, doc. 89, at 43–44 (Meder dep. taken Aug. 26, 1986).

Meder also contends that he did not receive adequate notice of the charges against him or of the evidence upon which the charges were based. He relies on *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed. 2d 494 (1985), in which the Supreme Court held that the tenured public employee bringing suit was "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." In this case, the transcript of the October 7 meeting clearly establishes that Meder was fully informed of and did not dispute the evidence underlying his proposed termination. Meder was also informed at that meeting of the specific criminal and ethical violations involved. We conclude that Meder received adequate notice of the charges and the evidence against him.

## III.

■ Meder argues that he was denied his liberty interest without the requisite due process because he was not allowed to confront or cross-examine the witnesses against him. When termination "is accompanied by public dissemination of the reasons for dismissal, and those reasons would stigmatize the employee's reputation or foreclose future employment opportunities, due process requires that the employee be provided a hearing at which he may test the validity of the proffered grounds for dismissal." *Miller v. City of Mission, Kan.,* 705 F.2d 368 at 373 (10th Cir.1983). "[D]ue process is flexible and calls for such procedural protections as the particular sit-

uation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). One factor a court must consider in determining the form of the hearing required is "the risk of erroneous deprivation and the probable value of additional procedural safeguards." *Rosewitz v. Latting*, 689 F.2d 175, 177 (10th Cir.1982).[1]

In this case, Meder admitted that he made a phone call to see if something could be done about Jantz' Highway Patrol tickets, and that he subsequently accepted four free tires from Jantz. Meder denies that he took the tires in return for an attempt to fix the tickets. Meder does not explain, however, how confrontation and cross-examination would have changed the board's inference that these two admitted facts were reasonably related. Accordingly, we conclude that his hearing did not lack due process. *See id.* at 177–78; *accord Codd v. Velger*, 429 U.S. 624, 628–29, 97 S.Ct. 882, 884–85, 51 L.Ed.2d 92 (1977) (per curiam) (terminated employee's characterization of admitted facts "not enough to raise an issue about the substantial accuracy of the report").

Because we reject Meder's claim that he was denied due process with respect to the deprivation of his alleged property or liberty interests, we do not address the issue of qualified immunity. We also do not consider Meder's allegation of a deprivation of substantive due process, because he makes the claim for the first time on appeal.

THE JUDGMENT IS AFFIRMED.

---

[1]. Meder does not base his argument on the two other factors that constitute the balancing test referred to in *Rosewitz v. Latting*, 689 F.2d 175, 177 (10th Cir.1982), "(1) the nature of the individual interest at stake; [and] (3) the nature of the governmental interest involved."