Carl LANE, Plaintiff,

v.

TOWN OF DOVER, OKLAHOMA, a Municipal Corporation; W.D. Kenyon, Individually and as Mayor of the Town of Dover; E.C. Colton, Individually and as Trustee of the Town of Dover; Clois Yarbrough, Individually and as Trustee of the Town of Dover; and George Holt, Individually and as Trustee of the Town of Dover, Defendants.

No. CIV–90–917–P.

United States District Court, W.D. Oklahoma.

March 26, 1991.

---

Michael Gassaway, Oklahoma City, Okl., for plaintiff.

Andrew W. Lester, Jami J. Campisano, Laura Holmgren–Ganz, Lester, Bryant & Ganz, Enid, Okl., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PHILLIPS, District Judge.

### I. INTRODUCTION

At issue is defendants' motion for summary judgment filed January 2, 1991. Plaintiff Carl Lane responded on January 16, 1991, to which defendants replied on February 8, 1991. On February 5, 1991, the Court ordered plaintiff to conform his brief to the requirements of the local rules. *See* W.D.Okla.R. 14(B). On February 14, 1991, plaintiff filed an amended response, to which defendants replied on March 5, 1991.

This is a civil rights action brought by a Police Chief who claims wrongful termination, and deprivation of liberty and property interests without due process of law. *See* 42 U.S.C. § 1983. Plaintiff also claims deprivation of equal protection and first amendment rights, and also has a pendent wrongful discharge claim under Oklahoma's Governmental Tort Claims Act. This case is set on this Court's April 1991, jury trial docket. For the reasons set forth below defendants' motion for summary judgment is GRANTED.[1]

### II. STANDARD FOR SUMMARY JUDGMENT

The facts presented to the court upon a motion for summary judgment must be construed in a light most favorable to the nonmoving party. *Board of Educ. v. Pico*, 457 U.S. 853, 864, 102 S.Ct. 2799, 2806, 73

L.Ed.2d 435 (1982); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. Only genuine disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Finally, the movant must show entitlement to judgment as a matter of law. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985); Fed.R.Civ.P. 56(c).

Although the Court must view the facts and inferences to be drawn from the record in the light most favorable to the nonmoving party, "even under this standard there are cases where the evidence is so weak that the case does not raise a genuine issue of fact." *Burnette v. Dow Chem. Co.*, 849 F.2d 1269, 1273 (10th Cir.1988). As stated by the Supreme Court, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R. Civ.P. 1).

The Supreme Court articulated the standard to be used in summary judgment cases, emphasizing the "requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986) (emphasis in original). A dispute is "genuine" "if a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The Court stated that the question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. "The mere existence of a scintilla of evidence in support of the [party's] position will be insuffi-

---

1. The Court grants summary judgment on plaintiff's federal claims only, and after carefully considering this matter, the Court dismisses plaintiff's pendent state claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988).

cient; there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252, 106 S.Ct. at 2512.

## III. UNDISPUTED FACTS

Rule 14(B) of the Western District of Oklahoma provides a framework for determining undisputed facts at the summary judgment stage. The rule provides:

> The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies. The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

W.D.Okla.R. 14(B).

A review of defendants' brief and plaintiff's amended response reveals the following facts are undisputed within the meaning of Rule 14(B) for the purposes of this motion only:

1. The Town of Dover, Oklahoma has a board-of-trustees form of government that is organized pursuant to 11 Okla.Stat. §§ 12–101 to –114.

2. Dover appointed Carl Lane as Chief of Police on December 16, 1986.[2]

3. On January 1, 1987, Lane became the Chief of Police of Dover.

4. On October 13, 1987, the Board of Trustees adopted the Employees Policies and Procedures Manual.

5. The policies and procedures manual provides procedures for handling citizens' complaints against town employees, but does not provide procedures for terminating an employee.

6. On September 12, 1989, the Board of Trustees, after reconvening from executive session, voted to accept the resignation of Lane.

7. The following day, Lane returned the equipment belonging to Dover, but refused to resign as he agreed.

8. Lane was not a member of the Oklahoma police pension system.

9. Lane is presently working for the Town of Canton, Oklahoma as a Police Chief.

Defendants' brief at 1–2 (Jan. 2, 1991); Plaintiff's amended response brief at 1–4 (Feb. 14, 1991).

## IV. ANALYSIS

At the outset the Court notes that plaintiff asserts he is not bringing a civil conspiracy claim against defendants, and is requesting punitive damages against defendants only in their individual, not their official, capacities. Furthermore, plaintiff has failed to support a claim for violations of his rights under the first amendment and the Equal Protection Clause. Summary judgment is granted to this extent. The Court shall next consider plaintiff's due process claim.

### A. *Due Process—Property Interest*

The Court concludes plaintiff Carl Lane does not have a property interest in his former job as Police Chief of the Town of Dover, and therefore has no right to due process. *See Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir.1988) (per curiam). As stated by the Tenth Circuit:

> Procedural due process requires a pretermination hearing where liberty or proper-

---

**2.** Section 1–28, Dover Code of Ordinances, compiled, revised, and published by the Dover Board of Trustees on Oct. 16, 1986, page 5, at ¶ 1, reads: "The Chief of Police shall be appointed by the Town Board of Trustees." (located in defendants' brief, at appendix, p. 36 (unnumbered)). Appointment of the Chief of Police is also provided by state statute. 11 Okla.Stat. § 12–111 ("The board of trustees shall appoint a chief of police....").

ty interests protected by the Fourteenth Amendment are implicated. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 567 [92 S.Ct. 2701, 2704, 33 L.Ed.2d 548] (1972). A plaintiff must first establish, however, that there is a protected interest at stake.

> A public employee facing discharge is entitled to the safeguards of procedural due process only if he can demonstrate that the termination implicates a property or liberty interest protected by the Due Process Clause; if a property or liberty interest is not implicated, "he must settle for whatever procedures are provided by statute or regulation."
>
> *Sipes v. United States*, 744 F.2d 1418, 1420 (10th Cir.1984).

*Id.* (parallel citations omitted). Lane was appointed to the position of Police Chief and was considered a permanent employee, but he was terminable "solely for the good of the service." 11 Okla.Stat. § 12–114. The Court interprets this statute to indicate that, as a practical matter, Lane was an "at will" employee. *See Graham v. Okla. City*, 859 F.2d 142, 146 (10th Cir.1988) (per curiam); *Hall v. O'Keefe*, 617 P.2d 196, 198–200 (Okla.1980); *see also Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir.1991) (" '[F]or the good of the service' does not confer upon a city employee a property interest requiring due process protections.").

Furthermore, because Dover provided no more procedures for removing permanent employees than for removing probationary employees, then as a practical matter, the distinction is one without a difference. Under the Board of Trustees form of municipal government, Dover had the option, but not the statutory obligation, to distinguish between removing probationary and permanent employees. 11 Okla.Stat. § 12–114 ("The board by ordinance *may* establish a merit system and provide for its organization and functioning, and provide for personnel administration and regulation of personnel matters.") (emphasis supplied); *see also Bishop v. Wood*, 426 U.S. 341, 344–47, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684 (1976) (permanent employee "held his position at the will and pleasure of the city."). Dover never exercised this statutory option, and consequently Lane has no right to a pretermination hearing.

■ Under Oklahoma law, employment of a terminable at-will employee can be terminated with or without cause, at any time, at the option of the employer or the employee. *Burk v. K–Mart Corp.*, 770 P.2d 24, 26 (Okla.1989). The Dover Code of Ordinances provided that the term of Police Chief was for two years or until his services are terminated through removal by the Board of Trustees. Defendants' brief, at appendix, p. 36 (unnumbered). Because Lane expressly could be terminated through removal by the Board of Trustees at any time during the two year term solely for the good of the service, the Court finds that Lane was not hired for a definite term, and therefore was an at-will employee without a property interest in employment.

Lane argues that "[T]he board of trustees may remove for cause any appointive officer by a majority vote of all its members." 11 Okla.Stat. § 12–114. However, as defendants have argued, Lane is not a statutorily defined appointive officer for which cause is a condition precedent for removal. *See* 11 Okla.Stat. § 1–102(6). That statute provides:

> "Officer or official" means any person who is elected to an office in municipal government or is appointed to fill an unexpired term of an elected office, and the clerk and the treasurer whether elected or appointed. When "officer" or "official" is modified by a term which refers to a personnel position or duty, the holder of the position or duty is not an officer or official of the municipality for any purpose;

*Id.* Further, after carefully reviewing the briefs on this matter, the Court finds that Lane has no implied contract of employment. *See Hinson v. Cameron*, 742 P.2d 549, 554 (Okla.1987).

## B. *Due Process—Liberty Interest*

■ Liberty interests in employment involve (1) protection of the employee's good name, reputation, honor, and integrity, and (2) the employee's freedom to take advantage of other employment opportuni-

ties. *Conaway v. Smith*, 853 F.2d at 794. In order to prevail on a liberty deprivation claim, the plaintiff must prove *both* of these interests, and must also prove that the dismissal resulted in the publication of information that was false *and* stigmatizing. *Melton v. Oklahoma City*, 928 F.2d 920, 936–38 (10th Cir.1991) (en banc). In order to prove the first element, Lane must show that his good name, reputation, honor, or integrity was stigmatized. *See Conaway v. Smith*, 853 F.2d at 794. This can be done by showing allegations of dishonesty or immorality that might seriously damage his standing and associations in the community. *Id.* Lane must argue the government "imposed on him a stigma or disability that foreclosed his freedom to take advantage of other employment opportunities." *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). Lane's only evidence in this regard is his affidavit, in which he states:

> I am presently working for the Town of Canton as police chief, however, upon application to various cities and towns, I was advised by at least one town marshall that the mayor was slandering me, and said that the city attorney told them to use the excuse that it would be for the betterment of the town to get rid of me and not to tell people that I was fired for my temper, but that in truth and fact that is why I was fired, that I could not perform my job and was untrustworthy. This has severely effected my ability to obtain other employment.

Lane's brief at App., p. 7 (unnumbered). This evidence is self contradictory on the employment opportunity element, conclusionary on the falsity and stigmatization elements, and tainted with inadmissible hearsay on the publication element.

Also in regard to the falsity element, Lane has not expressly denied the allegations of neglect of duty, abusive and foul language, conduct unbecoming an officer, and leaving the assigned work area without authorization, but instead has asserted only that he was not informed of nor counseled about these allegations; and no citizens' complaints were ever investigated, reviewed or determined. Lane's conclusion-

ary hearsay statement that he was told town officials were saying he was untrustworthy is not enough to support the stigmatization element. Lane asserts that falsehoods attributable to Dover have severely effected his ability to obtain other employment, but it is an undisputed fact in this case that Lane is currently a Police Chief in Canton, Oklahoma, so there is no credible evidence of Lane's employment opportunities being curtailed.

A party resisting a motion for summary judgment must do more than make conclusionary allegations, it "must set forth facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Dart Indus. v. Plunkett Co. of Okla.*, 704 F.2d 496, 498 (10th Cir.1983); *see Lake Hefner Open Space Alliance v. Dole*, 871 F.2d 943, 945–46 (10th Cir.1989) (Plaintiff did not "by affidavits or as otherwise ... set forth *specific* facts showing that there is a genuine issue for trial.") (emphasis supplied). "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Advisory Committee Note to Fed.R.Civ.P. 56(e)). Fed.R.Civ.P. 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id.; see also* W.D.Okla.R. 14(B) (quoted above). Finally, because the Court finds defendants prevail on the merits, there is no need to address defendants' qualified immunity defense.

## V.  CONCLUSION

Accordingly, the Court finds summary judgment should be GRANTED to defen-

dants. Defendants are hereby ORDERED to file a final entry of judgment consistent with this Order and the local rules. W.D. Okla.R. 23(A). This case is hereby STRICKEN from the Court's April 1991 trial docket.

IT IS SO ORDERED.