931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Bob GRAHAM, Plaintiff-Appellant,
v.
CITY OF OKLAHOMA CITY, OKLAHOMA, Lloyd A. Gramling,
individually and in his official capacity as Chief of Police
for the City of Oklahoma City, R.V. Wilder, individually and
in his official capacity as Assistant Chief of Police for
the City of Oklahoma City, William R. Chambless,
individually and in his official capacity as Major, Oklahoma
City Police Department, Walt Wilhelm, individually and in
his official capacity as Major, Oklahoma City Police
Department, Jeff Barnett, individually and in his official
capacity as Master Patrolman, Oklahoma City Police
Department, Jo Ann Randall, individually and in her official
capacity as Detective, Oklahoma City Police Department,
Carolyn Lyon, individually and in her official capacity as
City Manager's Office, Oklahoma City, Defendants-Appellees.
 No. 89-6405.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before McKAY, STEPHEN H. ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bob Graham appeals the district court's order granting the defendants' motion for summary judgment on the remaining liberty interest claims. Graham contends that the court erred in holding that he has not shown the necessary elements to support a liberty deprivation. We affirm.
 
 
 3
 The facts of this case are substantially set forth in our earlier opinion, Graham v. City of Oklahoma City, 859 F.2d 142, 143-44 (10th Cir.1988). In the earlier appeal, Graham asserted that the charges he falsified the reports "with the intent to deceive his superiors" were false. Following our remand, Graham has introduced an affidavit of Sam Erwin, former police chief of Yukon, Oklahoma, that some time after the dismissal proceeding he contacted the Oklahoma City Police Department and was told that Graham was dismissed for filing a false police report with intent to deceive his superiors. The affidavit then states that Erwin refused to hire Graham on this basis.
 
 
 4
 The Erwin affidavit is insufficient to establish Graham's claim of deprivation of a liberty interest. Our cases are clear in requiring that the publication of the liberty-depriving statements must occur "in the course of" the termination. See Wulf v. City of Wichita, 883 F.2d 842, 869 (10th Cir.1989). The statements made to Erwin thus cannot serve as the basis for a claimed deprivation of a liberty interest. See id.
 
 
 5
 The only other allegations supporting Graham's claimed deprivation of a liberty interest are the purported false statements of Graham's "intent to deceive his superiors" and the newspaper articles published about the termination. These articles only stated that Graham was terminated for filing a false police report, a fact Graham does not deny, and further included the information that he did so at the direction of his superior officer. Under these circumstances, we agree with the district court's ruling that Graham has not shown either the publication or falsity required to support a claim of deprivation.
 
 
 6
 [F]or an employee to make a successful liberty deprivation claim she must show that her dismissal resulted in the publication of information which was false and stigmatizing--information which had the general effect of curtailing her future freedom of choice or action.
 
 
 7
 Id. (quoting Asbill v. Housing Auth. of Choctaw National, 726 F.2d 1499, 1503 (10th Cir.1984)) (emphasis in original). Graham's contention that he was injured by the "with intent to deceive his superiors" language does not support his claim of deprivation. The only alleged publication of this language was to Erwin. We have already held that publication inadequate. The newspaper articles did not publish the "with intent to deceive his superiors" language, and even included information that Graham had been following orders. Graham has thus shown no publication of the allegedly false "with intent to deceive his superiors" language.
 
 
 8
 The only other language Graham cites in support of his claim is the newspaper articles on the termination. These state only that Graham was dismissed for filing a false police report, a fact Graham admits is true. Under these circumstances, Graham has shown no falsity to the published reports. Graham has thus failed to show a deprivation of a liberty interest.
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3