**Shan Loren RAINS, Appellant,**

v.

**CITY OF STILLWATER, a municipal corporation, Appellee.**

**No. 73645.**

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 2.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 17, 1991.

Robert M. Murphy, Jr., Murphy, Murphy, Murphy & Murray, P.C., Stillwater, for appellant.

Jerry L. Stone, City Atty., Stillwater, for appellee.

## MEMORANDUM OPINION

MEANS, Presiding Judge.

Plaintiff Shan Loren Rains appeals the summary judgment in favor of the City of Stillwater in this civil rights action arising from Rains' termination as a Stillwater policeman. Having reviewed the record and applicable law, we affirm in part, reverse in part and remand.

Rains was dismissed in December 1986 for failure to report unlawful conduct and for engaging in conduct unbecoming a police officer. He appealed his termination to the city personnel director and city manager, who upheld the dismissal. He then brought this action against the City, alleging that he had been terminated without just cause, that the terms of his employment contract had created a property right in continued employment, and that the City had violated his civil rights by denying him the opportunity for a due process hearing. He sought reinstatement, back pay, restoration of seniority and benefits, and $10,000 damages for "loss of morale, confidence and self-esteem, humiliation, nervousness and loss of reputation."

On February 14, 1989, the City moved for summary judgment on the grounds that Rains had no property interest in continued employment requiring due process. It attached various documents in support of its legal theory plus copies of letters from the Stillwater Chief of Police, personnel director and city manager affirming Rains' dismissal.

Rains did not respond to the motion within fifteen days as required by District Court Rule 13, 12 O.S.Supp.1990, ch. 2, app. Instead, on April 5, he sought and was granted leave to amend his petition to add a cause of action for deprivation of property interest under section 50–123(B) of the statutes governing the Oklahoma Police Pension and Retirement System. 11 O.S.Supp.1990 § 50–123. The amended petition actually filed, however, added two further causes of action, claiming that

Rains had been deprived of his liberty interest without due process and that his firing was arbitrary, capricious, and an abuse of discretion.

Simultaneously with seeking leave to amend, Rains filed an "objection" to the City's motion for summary judgment. The objection merely stated that Rains had both a liberty and a property interest in his employment, and attached a copy of a legal memorandum from the Stillwater City Attorney on the topic of procedural due process. On April 27, Rains filed a "response" to the summary judgment motion in which he reiterated his legal argument concerning his property interest. He asserted in the response that he need not address the liberty interest issue because it had not been encompassed by the pre-amendment motion. On May 1, the City supplemented its brief in support of summary judgment by addressing Rains' action for deprivation of property under section 50–123(B) and the allegations regarding Rains' liberty interest.

The trial court granted summary judgment on May 5. On May 16, Rains filed a motion to reconsider to which he attached an affidavit and several newspaper articles supporting his liberty interest claim. The City responded, and Rains filed a supplemental brief, arguing primarily that the summary judgment was premature as it was granted prior to the expiration of Rains' fifteen days to respond to the City's brief filed May 1. The trial court denied the motion to reconsider. From this order, Rains has appealed.

■ On review of a grant of summary judgment, this court will view all inferences and conclusions to be drawn from the underlying facts in the light most favorable to the party opposing the motion. *Rose v. Sapulpa Rural Water Co.*, 631 P.2d 752, 754 (Okla.1981). A motion for summary judgment may be sustained only if no question concerning any material fact remains to be determined. *Garner v. Johnson*, 609 P.2d 760, 762–63 (Okla.1980). However, the trial court's ruling must be made on the record which the parties have actually presented and not on a record which is potentially possible. *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489, 494 (Okla.1974).

Rains alleged in his petition in error that the trial court erred in granting summary judgment on Rains' liberty interest claim prior to the expiration of the fifteen day response period. Rains briefed this proposition in his brief in chief, but expressly abandoned it in his reply brief. It is therefore no longer before this court's consideration.

The only two issues raised by Rains' briefs are whether the trial court erred in finding that Rains did not have a protected property interest in continued employment, entitling him to procedural due process, and in finding that Rains failed to establish a violation of his liberty interest. We find the trial court was correct in finding that Rains had no protected property interest in continued employment with the City, but find that material issues of fact precluded summary judgment on the liberty interest claim.

Rains' claims have been brought under the civil rights provisions of 42 U.S.C. (1979) § 1983. When bringing a section 1983 action, a public employee must show that he possesses a property or liberty interest in employment in order to trigger the due process protections afforded by the fourteenth amendment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). " '[A] property interest is determined by whether the terms of employment created by contract, federal statute, city charter or an employee manual create a sufficient expectancy of continued employment to constitute a property interest which must be afforded constitutionally guaranteed due process.' " *Graham v. City of Oklahoma City*, 859 F.2d 142, 146 (10th Cir.1988) (quoting *Vinyard v. King*, 728 F.2d 428, 432 (10th Cir.1984)). Whether a plaintiff has a property interest is a question of state law. *Graham*, 859 F.2d at 146.

■ Rains relies on section 50–123(B) and on the procedures set forth in the City's personnel manual to establish a property interest in continued employment. We

find, however, that neither of these can create a property interest in the face of the City's express charter provisions allowing the city manager to remove employees "when deemed necessary for the good of the service." It is "firmly established that the provisions of the city charter relating to the removal or discharge of appointed officers or employees, are solely matters of municipal concern and control over the general laws." *Goodwin v. Oklahoma City*, 199 Okl. 26, 182 P.2d 762, 764 (1947).

The phrase "for the good of the service" does not create a "cause" requirement. *Hall v. O'Keefe*, 617 P.2d 196, 200 (Okla. 1980). Neither can a personnel manual limit specific powers granted under a city charter. *Umholtz v. City of Tulsa*, 565 P.2d 15, 22 (Okla.1977); *Graham*, 859 F.2d at 146. Rains' reliance on *Vinyard v. King*, 728 F.2d 428 (10th Cir.1984), is misplaced, as the plaintiff's interest in that case was created solely by contract and was not governed by superseding provisions of a city charter.

■ We do find that the "for cause" provision found in section 50–123(B) creates a property interest, but only in the pension and retirement benefits granted pursuant to the statutes governing the police pension and retirement system, and not in continued employment itself. The system and benefits thereunder are created and governed by state law and not by the individual participating municipalities. Section 50–123(A) expressly creates a separate board to hear appeals concerning the discharge of members, as the term member is defined in section 50–101(7). The statute only creates a legitimate expectation that *benefits* will continue absent discharge for cause. Any process due a member for deprivation of benefits would clearly be from the governing board and not from the city itself. It therefore does not affect a city's right to terminate an officer's employment pursuant to its own charter.

We therefore find that the trial court did not err in determining that Rains had no property interest in his continued employment with the city. That portion of the trial court's judgment and order addressing the property interest claim is affirmed.

■ Turning to Rains' liberty interest claim, however, we find that the materials presented in support of his motion to reconsider raise questions of fact sufficient to preclude summary judgment. "When termination 'is accompanied by public dissemination of the reasons for dismissal, and those reasons would stigmatize the employee's reputation or foreclose future employment opportunities, due process requires that the employee be provided a hearing at which he may test the validity of the proffered grounds for dismissal.'" *Meder v. City of Oklahoma City*, 869 F.2d 553, 554 (10th Cir.1989) (quoting *Miller v. City of Mission, Kan.*, 705 F.2d 368, 373 (10th Cir. 1983)). Here, the City alleges that the only information disseminated by it regarding Rains was a letter from the city manager upholding Rains' dismissal, and that the letter would have been available to the media under the Oklahoma Open Records Act. However, reading together all of the publications submitted by Rains, in the light most favorable to defeat a summary judgment, we find that specific quotes from city officials may have attributed false and stigmatizing conduct to Rains. Whether this is ultimately found to be true is a question of fact, which will then necessitate a finding whether Rains was afforded the process which was due him under the circumstances. *Meder*, 869 F.2d at 554–55.

The portion of the trial court's judgment and order denying reconsideration of Rains' property interest claim is affirmed. The portion of the judgment and order concerning the liberty interest claim is reversed and the case remanded for further proceedings consistent with this opinion.

BRIGHTMIRE and RAPP, JJ., concur.