**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES R. HOLT,

        Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

        Respondent.

No. 98-9544
Petition for Review
(No. 0090-0)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Charles R. Holt, proceeding pro se, appeals the decision of the Federal Aviation Administration (FAA) not to renew his certificate of authority to serve as a designated engineering representative (DER) for the FAA. We exercise jurisdiction to review the FAA's decision pursuant to 49 U.S.C. § 46110 and affirm.

Petitioner was a DER under the FAA's authority to delegate to qualified private persons matters relating to examining, inspecting and testing aircraft. See 49 U.S.C. § 44702(d); 14 C.F.R. § 183.1. The authority to act as a DER is authorized yearly, see 14 C.F.R. § 183.15(b), and may be terminated "at any time for any reason the [FAA] considers appropriate," 49 U.S.C. § 44702(d)(2); see 14 C.F.R. § 183.15(d)(6). The FAA decided not to renew petitioner's authority to act as a DER which expired in March of 1998. He appeals that decision, claiming the reasons for denying renewal did not justify the decision and the FAA failed to follow its own procedures in denying renewal.

In reviewing the FAA's decision, the agency's "[f]indings of fact . . ., if supported by substantial evidence, are conclusive." 49 U.S.C. §46110(c). Substantial evidence "means more than a mere scintilla but less than the weight of the evidence and refers to relevant evidence which reasonably supports a conclusion." Board of County Comm'rs v. Isaac, 18 F.3d 1492, 1496 (10th Cir. 1994). This court will consider the entire record to determine whether the FAA

had a rational basis for its conclusion. See id. The FAA's "statutory interpretation and the application of law must withstand an arbitrary and capricious standard of review." Id.

Petitioner asserts that the FAA violated its own rules by failing to follow the procedures set forth in FAA Order 8110.37B for terminating his DER designation. Petitioner complains that the FAA failed to comply with the provisions of Order 8110.37B as follows: (1) it failed to send the notice of nonrenewal at least thirty days before the intended effective date, (2) it did not indicate in the "remarks" section the actions necessary or contact petitioner to resolve the problems, (3) it did not identify the method of resolution agreed upon by the evaluator and petitioner, (4) it failed to contact petitioner regarding serious problems until after his renewal date had passed, (5) it failed to cite handbook guidelines when giving reasons not to renew, and (6) it did not inform him of an opportunity to request a hearing with the second level supervisor. Petitioner was informed of serious problems by letter dated October 1, 1997, well before his renewal date of March 31, 1998. As for the remaining alleged procedural deficiencies, our review of Order 8110.37B reveals that the procedures petitioner claims were not followed in his case were discretionary on the part of the FAA. See, e.g., Respondent's Brief, Attach., Order 8110.37B at 39-40 (reasons *should* cite handbook guidelines; notice *should* be sent thirty days in advance;

reconsideration *can take* the form of informal hearing at manager's office ). Therefore, the FAA did not violate its own rules in deciding not to renew petitioner's DER certification. See Hoyl v. Babbitt , 129 F.3d 1377, 1386 (10th Cir. 1997) (agency's rule providing for hearing was purely discretionary; denial of hearing did not violate rule).

To the extent petitioner alleges his procedural due process rights were violated, [1] we examine whether he was afforded notice and an opportunity to be heard prior to the decision not to renew his DER certification, or if there were adequate post-termination procedures to determine whether the decision was based on reasonable grounds. See Hennigh v. City of Shawnee , 155 F.3d 1249, 1256 (10th Cir. 1998). The record reflects that petitioner responded to the FAA's complaints both in writing and in person at a meeting held May 15, 1998. Furthermore, he appealed the initial decision to the second-level supervisor. On these facts, we conclude that petitioner was not denied any procedural due process rights he may have had.

We turn to petitioner's allegation that the reasons for the FAA's decision not to renew his DER certification were insufficient. He challenges the following factual findings: (1) He failed to correct concerns expressed by various Flight

---

[1]     We assume without deciding that he had a property interest in his certification as a DER that would implicate a right to procedural due process.     See Meder v. City of Oklahoma City , 869 F.2d 553, 554 (10th Cir. 1989).

Standards District Offices about his approvals for projects, despite many conversations with the FAA in which he was asked to correct these problems. Petitioner responds that he answered the inquiries, and in one incident, the onus was on the applicant, not on petitioner, to come forward with information. (2) He was directed to obtain prior authorization before participating in repair and alteration approvals, but he thereafter submitted an approval without obtaining prior FAA authorization. Petitioner claims he misunderstood that the directive applied even to existing projects. (3) He failed to comply with the FAA's requests that he correct problems with his approvals. Petitioner claims he has been presented with no documentation indicating that he failed to comply. (4) He was requested to develop an operating procedure for each data approval, for which the FAA offered its assistance, but petitioner did not ask for assistance or develop the procedure. Petitioner admits that he did not develop the procedure, but he asserts this was merely a suggestion, not a requirement. (5) He argued with FAA personnel. Petitioner responds that he did not question the judgment or authority of any FAA engineer, although he did challenge the requirement to approve work by aircraft serial number.

We conclude that the facts underlying the FAA's decision are supported by substantial evidence. In charges two, four and five above, petitioner candidly admits there is a factual basis for each finding, even though he disputes the

-5-

FAA's characterization of his behavior. The FAA's detailed account of the various problems referred to in charges one and three are challenged but not rebutted by petitioner. Therefore, we conclude that substantial evidence supports the FAA's findings of fact. The FAA acted within its authority granted by 49 U.S.C. § 44702(d)(2) and 14 C.F.R. § 183.15(d)(6), to terminate petitioner's DER certification.

We have carefully reviewed the record, as well as the arguments advanced by the parties. Based on the record and the applicable law, we conclude that substantial evidence supports the FAA's decision not to renew petitioner's DER certification and, further, that the decision was neither arbitrary nor capricious.

The final order of the FAA denying renewal of petitioner's designated engineering representative certificate of authorization is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-