**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EVERETT ALLEN and BETTY
ALLEN, husband and wife,

      Plaintiffs - Appellants,

v.

CITY OF HENRYETTA, a municipal
corporation; HENRYETTA PUBLIC
WORKS, a municipal trust,

      Defendants - Appellees.

No. 01-7162
(D.C. No. 00-CV-638-S)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs-appellants, Everett and Betty Allen, appeal the district court's order granting summary judgment in favor of defendants-appellees, City of Henryetta, Oklahoma, and Henryetta Public Works, on their complaint brought under 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291. We reverse and remand this case to the district court.

In August 1999, Everett Allen was terminated from his position as Chief of Police of Henryetta, Oklahoma, by the City Manager. The City Manager's authority to terminate Allen was based on Okla. Stat. tit. 11, § 10-113(1), which provides that a city manager has the power to "[a]ppoint, and when necessary for the good of the service, remove, demote, lay off or suspend all heads of administrative departments and other administrative officers and employees of the city except as otherwise provided by law."

In his § 1983 complaint, Allen claims he had a protected property interest in his employment as Chief of Police, and that his termination violated his right to procedural due process under the Fourteenth Amendment because it was without cause and he did not receive a post-termination hearing. The district court granted defendants summary judgment on Allen's procedural due process claim, concluding that, under § 10-113(1), the City Manager could terminate Allen without cause or a hearing. The district court also declined to exercise supplemental jurisdiction over the Allens' state-law claims for wrongful

termination and loss of consortium, and the court dismissed both the federal and state claims.

It is undisputed that Allen was a member of the Oklahoma Police Pension and Retirement System (System), *see* Okla. Stat. tit. 11, § 50-101, *et seq.*, at the time of his termination. According to § 50-123(B), "[n]o member [of the System] may be discharged except for cause." In addition, under § 50-123(A), as a participating municipality in the System, the City of Henryetta is required to "establish a board of review to hear appeals concerning the discharge of members," and, under subsection (B), "[a]ny member who is discharged may appeal to the board of review." § 50-123(B).

On their face, § 50-123(A) and (B) appear to create a property interest in a member's employment. However, in *Rains v. City of Stillwater*, 817 P.2d 753, 756 (Okla. Ct. App. 1991), the Oklahoma Court of Appeals held that the "for cause" provision in § 50-123(B) created a property interest "only in the pension and retirement benefits granted pursuant to the statutes governing the [System], and not in continued employment itself." *Id.* In other words, "[t]he statute only creates a legitimate expectation that *benefits* will continue absent discharge for cause," *id.*, and it "therefore does not affect a city's right to terminate an officer's employment pursuant to its own charter," *id.*

In opposing defendants' motion for summary judgment, Allen attempted to distinguish *Rains* on the ground that he had exercised his option under a separate provision of the System, *see* § 50-111.3, to postpone his retirement from the police force and defer receipt of his pension benefits for five years. As a result of exercising his deferred pension option, Allen claimed he was statutorily entitled to continue his employment as Chief of Police for a five-year period, and he claimed that a property interest in his employment had therefore been created. The district court rejected Allen's argument regarding his deferred pension option, concluding that *Rains* controlled the issue of whether § 50-123(A) and (B) created a property interest in his employment, and that Allen's exercise of the deferred pension option under § 50-111.3 had no bearing on that issue.

After the parties had fully briefed this appeal, the Oklahoma Supreme Court decided *In re City of Durant*, 50 P.3d 218 (Okla. 2002). In *Durant*, a terminated police officer who was a member of the System claimed that § 50-123(A) and (B) required the city that employed him to convene a board of review to hear an appeal of his discharge and determine whether he was fired for cause. The Oklahoma Supreme Court agreed, and the court overruled *Rains* and held as follows:

> Section 50-123 is not ambiguous, and it is clearly intended to protect policemen who are members of the [System] from arbitrary discharge from employment. Contrary to the City's assertions that these members are at-will employees, the statute restricts the reason for

-4-

their discharge to "for cause" and ensures that all members will have a right to appeal the discharge from employment. This accords members a legitimate expectation of continued employment until "cause" for discharge is shown.

. . . .

We hold that section 50-123 protects a member's right to continue in his employment in the absence of a showing of cause, and the board of review has the authority to pass on the merits of the discharge decision. . . . To the extent *Rains* states the "for cause" provision creates an interest only in a member's pension and retirement benefits, and not in the continued employment itself, it is overruled.

*Id.* at 221-22, 223.

After the Allens filed a supplemental brief informing this court of the Oklahoma Supreme Court's decision in *Durant*, we ordered defendants to file a supplemental brief addressing *Durant*. In their supplemental brief, defendants argue that *Durant* is distinguishable from the circumstances in this case. We disagree, and we conclude that the district court's entry of summary judgment on Allen's procedural due process claim must be reversed in light of *Durant*.

First, defendants argue that police chiefs such as Allen are employees at will who can be terminated without cause, citing *Hall v. O'Keefe*, 617 P.2d 196, 200 (Okla. 1980) and *Lane v. Town of Dover*, 761 F. Supp. 768, 770-71 (W.D. Okla. 1991), *aff'd*, 951 F.2d 291 (10th Cir. 1991) (per curiam). Defendants reliance on *Hall* and *Lane* is misplaced. In both *Hall* and *Lane*, the courts held that § 10-113(1) does not provide police officers with a property right in their

employment, and the courts applied this rule to the police chiefs who were the plaintiffs in those cases. [1] *See Hall*, 617 P.2d at 198-200; *Lane*, 761 F. Supp. at 770-71. But neither court addressed the entirely separate issue of whether police officers who are members of the System have a property right in their employment by virtue of § 50-123(A) and (B). In addition, in *Durant*, the Oklahoma Supreme Court specifically acknowledged its holding in *Hall*. *See Durant*, 50 P.3d at 221. However, the court concluded that § 50-123(A) and (B) take precedence over § 10-113(1) in cases involving police officers who are members of the System since § 10-113(1) expressly provides that it is limited to situations which are not "otherwise provided by law." *Id.* at 222.

Second, defendants argue that *Durant* is distinguishable because the police officer in *Durant* lost his ability to participate in the System as a result of his termination. By contrast, defendants claim that "[n]othing in the City's termination of Mr. Allen deprived him of participation in the [System]." Aplee.

---

[1] In their supplemental brief, defendants also argue that *Durant* involved a regular police officer, as opposed to a chief of police, and defendants claim that, under Okla. Stat. Ann. tit. 11, § 51-102(1), a chief of police does not possess the same rights as a regular police officer. This argument is without merit because § 51-102(1) is part of the Oklahoma municipal code provisions that govern collective bargaining issues among paid fire and police departments, and it has nothing to do with the issues in this case. Further, there is no indication in *Durant* or in any of the other pertinent Oklahoma decisions that § 50-123(A) and (B) somehow provide greater protections to regular police officers than to police chiefs. Thus, we conclude that *Durant's* interpretation of § 50-123(A) and (B) applies with full force and effect to terminated police chiefs such as Allen.

Supp. Br. at 3. This argument is without merit because the court in *Durant* did not base its decision on the fact that the terminated officer's pension rights had been adversely impacted. Instead, the court based its holding on the plain and unambiguous language of § 50-123(A) and (B), *see Durant*, 50 P.3d at 221-22, and the court only noted, without any specific discussion of the issue, that the officer had alleged he was no longer able to participate in the System as a result of his termination, *see id.* at 220.[2] Moreover, even if *Durant* requires that a police officer's pension rights must be adversely affected by a termination decision before he is entitled to the protections of § 50-123(A) and (B), we hold that Allen's rights under the System were sufficiently impacted by virtue of the fact that his five-year deferred pension option, and all of the benefits under the System that were derived therefrom, were cut short as a result of his termination.

Finally, defendants claim that, even if *Durant* is controlling, they "should be able to show that [they] afforded Mr. Allen the process which was due him and that he waived his right to appeal the decision of the City Manager." Aplee.

---

[2]   In *Durant*, the court concluded its analysis by noting that its interpretation of § 50-123(A) and (B) was supported by its prior decision in *Ruddell v. City of Jenks ex rel. Dashner*, 556 P.2d 999, 1003 (Okla. 1976) (holding, under prior statute, that terminated police officer had right to appeal termination decision to board of review where officer alleged substantial damage to his pension rights). *See Durant*, 50 P.3d at 223. However, the court simply cited *Ruddell* as a case where pension rights were "involved," and the court did not state that a termination decision must have an adverse impact on a police officer's pension rights before the protections of § 50-123(A) and (B) are triggered. *See id.*

Supp. Br. at 4. We agree that defendants should have the opportunity to pursue these issues on remand, and we leave their resolution to the district court. In addition, the court will need to again consider whether to exercise supplemental jurisdiction over the Allens' state-law claims.

The judgment of the district court is REVERSED, and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Terrence L. O'Brien
Circuit Judge