943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Winford Lee BUSSELL, Sr., Plaintiff-Appellant,
v.
Stephen Kaiser, Robert H. Henry, Attorney General, State of
Oklahoma, Defendants-Appellees.
 No. 91-6048.
 United States Court of Appeals, Tenth Circuit.
 Sept. 6, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's application for a certificate of probable cause. We issue a certificate of probable cause pursuant to 28 U.S.C. § 2253 (1988), and proceed to the merits of petitioner's appeal.
 
 
 3
 Petitioner pleaded guilty to one count of first degree murder and one count of second degree burglary in the District Court of Comanche County, Oklahoma, on September 18, 1989. He did not file a direct appeal. On March 21, 1990, however, petitioner attempted to challenge his plea in an application for post-conviction relief in the state trial court. The state trial court denied the application on the grounds of procedural bar; petitioner failed to challenge the plea agreement on direct appeal. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction petition, also relying on procedural bar.
 
 
 4
 Petitioner then brought this pro se petition for a writ of habeas corpus in the District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 2254 (1988). The bulk of his claims challenge the validity of his plea agreement. The district court found that the Oklahoma Court of Criminal Appeals rested its decision on a state procedural bar rule in accordance with Harris v. Reed, 489 U.S. 255, 265 (1989). After applying the facts of petitioner's case to the "deliberate bypass" test set forth in Fay v. Noia, 372 U.S. 391 (1963), the district court held that petitioner is procedurally barred from obtaining federal habeas review.
 
 
 5
 After reviewing the record and the arguments of petitioner, we affirm the judgment of the district court but employ slightly different analysis. Since the district court issued its opinion, the Supreme Court invalidated the "deliberate bypass" test of Fay v. Noia even in instances where a petitioner has surrendered entirely his right to appeal his state conviction. Coleman v. Thompson, No. 89-7662, Slip Op. at 24 (U.S. June 24, 1991). We now apply the "cause and actual prejudice" test set forth in Wainwright v. Sykes, 433 U.S. 72 (1977). We agree with the district court that the evidence before it demonstrated "deliberate bypass," and therefore conclude that the petitioner cannot meet the more exacting "cause and actual prejudice" test. Except for its use of the cause and actual prejudice test, we affirm the judgment for substantially the reasons given by the trial court.
 
 
 6
 We note, however, that petitioner now complains on appeal that five days after his plea he attempted to withdraw it. He submits here an affidavit not found in the district court record from a fellow inmate stating that petitioner gave a jailer a plea withdrawal to give to petitioner's attorney. According to the affidavit, petitioner's counsel never visited petitioner at the jail. Petitioner alleges that the jailer told him that he didn't make calls to lawyers.
 
 
 7
 It is clear that ineffective assistance of counsel or the failure of the state to provide counsel on direct review or during the decision not to appeal would constitute cause for petitioner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). Despite our effort to construe liberally a petitioner's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989), however, we find that petitioner did not allege in the district court facts demonstrating ineffective assistance of counsel or the deprivation of counsel during his decision not to appeal. Petitioner's sole reference to the failure to file a direct appeal in his behalf comes at the end of an allegation relating to alleged conflicts of interest of appointed co-counsel. Petitioner did not allege any communication on his part relating to a plea withdrawal, but only that appointed counsel failed to file an appeal. Moreover, review of the transcript of the hearing reveals that petitioner expressed his desire to waive an appeal when entering his plea. Because the petitioner did not sufficiently raise the issue before the district court, we will not entertain it here. Gillihan, 872 F.2d at 938; Graham v. City of Oklahoma City, 859 F.2d 142, 146 n. 6 (10th Cir.1988). Such an allegation is so sufficiently pertinent to even the "deliberate bypass" test that petitioner's failure to raise it cannot be excused.
 
 
 8
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3