42 F.3d 1406
 74 A.F.T.R.2d 94-7385
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NATIONAL COMMODITY AND BARTER ASSOCIATION; NATIONAL
COMMODITY EXCHANGE, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1495.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1994.
 
 Before TACHA, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 National Commodity and Barter Association (NCBA) appeals from the district court's Order dismissing its claims for a refund of the tax penalties assessed under I.R.C. 6698 for failing to file partnership tax returns for 1979 through 1988 and the tax penalty assessed under I.R.C. 6700 for promoting an abusive tax shelter.
 
 Facts
 
 2
 The NCBA is a self-described "voluntary, non-commercial, political and educational association" conceived by John Grandbouche (Grandbouche), a proponent of libertarian and anti-monetarist ideas. (Appellant's Appendix at 1). Grandbouche was the director of the NCBA from its inception, sometime in 1978 or 1979, until his death in 1986, at which time, John Voss became the director. Over the course of the 1980's, the NCBA recruited members and charged annual membership fees ranging from $100 to $180. NCBA membership was about 200 in 1979 and peaked at nearly 2,000 in the early 1980's. Each member of the NCBA was entitled to certain benefits including the monthly newsletter, a multi-volume set of loose-leaf "Freedom Books," use of the Mutual Assistance Plan (MAP), and an account at the National Commodity Exchange (NCE).
 
 
 3
 The NCE was a warehouse bank created by the NCBA to function outside the Federal Reserve System. It was available to NCBA members only. The NCE accepted depositor's money to purchase gold and silver and all deposits at the NCE were held in that form. The NCE provided a "price stabilization plan" to protect account holders' assets from price fluctuations in the precious metals market. In addition, the NCE offered a bill paying service whereby account holders would notify the NCE of bills they had to pay and to whom. The NCE maintained checking accounts at several Denver area banks and would write checks on one of its own accounts to pay the bills.
 
 
 4
 Not all members of the NCBA used the NCE. Records seized by the IRS showed 679 accounts at the NCE. Most accounts were held by individuals; however, some belonged to other warehouse exchanges located around the country.
 
 
 5
 On April 5, 1985, the IRS levied a $20,000,000 penalty against the NCBA pursuant to 6700 for promoting an abusive tax shelter by disseminating false and fraudulent statements concerning the federal tax laws. Concurrent with the penalty, and pursuant to a search warrant, the IRS conducted a search and seizure of the NCBA's offices in Denver, Colorado, seizing cash and coins, as well as, gold and silver bullion.[2] The IRS also placed levies against NCBA's bank accounts. The IRS retained the NCBA's assets to satisfy the 6700 penalty.
 
 
 6
 On June 22, 1990, the IRS assessed $4,223,000 in penalties against the NCBA under 6698 for failing to file partnership tax returns for 1979 through 1988.
 
 
 7
 In January, 1991, the IRS abated the $20,000,000 6700 penalty to $176,822 after a number of courts disapproved the method by which the penalty was calculated. Under the new computation method, the IRS penalized the NCBA based on a percentage of its gross income, which the IRS determined to be $1,384,226 for 1982 through 1985. The IRS applied the "overpayment" of the 6700 penalty, caused by the abatement, to the 6698 penalties. The "overpayment" satisfied the 6698 penalties for 1979 through 1983. After the IRS denied its refund claims, the NCBA filed a claim in the district court for a refund of the 6698 penalties for 1979 through 1983, an injunction against the IRS to prevent the IRS from enforcing the 6698 penalties for 1984 through 1988, and a refund of the 6700 penalty.
 
 Issues
 
 8
 On appeal, NCBA contends that the district court erred in (1) finding that the NCBA was required to file informational partnership tax returns for 1979 through 1988 and could be penalized pursuant to 6698 for failing to do so, and (2) upholding the IRS's 6700 penalty for promoting an abusive tax shelter.
 
 I.
 
 9
 The NCBA asserts that the district court erroneously found it was subject to 6698 penalties for failing to file informational partnership tax returns for the years 1979 through 1988.
 
 
 10
 The NCBA concedes that it is required to file informational partnership tax returns.[3] However, the NCBA asserts that it is not liable for any penalty under I.R.C. 6698(b) because it had "reasonable cause" for not filing. The NCBA contends reasonable cause existed because (1) "prior decisions of this ... court protected the privacy of NCBA's membership information," (2) "the trial court has issued inconsistent rulings relating to NCBA's legal status," (3) "[t]he NCBA had no prior notice that it should have considered itself to be a partnership for tax purposes," and (4) "NCBA met its burden of proving a partnership of much smaller proportions than the court found." (Appellant's Appendix at 23-40).
 
 
 11
 Under I.R.C. 6698 if a partnership required to file a return under section 6031 for any taxable year fails to file it "shall be liable for a penalty ... unless it is shown that such failure is due to reasonable cause." 26 U.S.C. 6698. However, the "reasonable cause" issue raised by NCBA on appeal was not adequately raised, preserved or presented by NCBA to the district court. This court will not address issues that were not presented to and ruled upon by the district court.[4] Farmers Ins. Co., Inc. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). See also Burnette v. Dresser Industries, Inc., 849 F.2d 1277, 1282 (10th Cir.1988); Graham v. City of Oklahoma City, Okla., 859 F.2d 142, 146 n. 6 (10th Cir.1988) ("We will not consider issues which were not raised before the district court.").
 
 
 12
 Although the NCBA raised arguments (1) and (4) in support of its reasonable cause claim in the district court as independent grounds for relief, it has not asserted these claims independently on appeal. Thus, by its own failures or inactions, NCBA rendered it inappropriate for us to consider the above theories of relief on appeal.
 
 II.
 
 13
 The NCBA contends that the district court erroneously determined that it promoted an abusive tax shelter and erred in upholding the $176,822.00 penalty under I.R.C. 6700.
 
 
 14
 The NCBA argues that it "promotes political, educational and economic ideas, including ideas about taxation, none of which suggests that NCBA activities confer any 'tax benefit' by reason of association with or participation in any NCBA 'plan or arrangement.' " (Appellant's Appendix at 45). NCBA claims that it was "formed to disseminate political ideas" and that "[f]or members of the NCBA, the exchange [NCE] is a mode of political expression" protected by the First Amendment. Finally, the NCBA asserts that an individual must personally make or furnish the false or fraudulent statements in order to be liable and that a partnership would not impute liability to all partners simply because one partner had made or furnished false or fraudulent statements in violation of 6700. (Appellant's Appendix at 48).
 
 
 15
 "Findings of fact ... shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a). "A finding of fact is not clearly erroneous unless 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)).
 
 
 16
 The district court found that: "the NCBA is a person under 6700;" "the evidence revealed that the NCBA/NCE did made [sic] representations about the tax advantages afforded by maintaining an account" at the NCE; and the NCE was "clearly established to thwart enforcement of the tax laws, and as such was an abusive tax shelter." (Appellant's Appendix at 135-36).
 
 
 17
 After careful examination of the record, we cannot say the district court's findings are clearly erroneous.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In an earlier opinion of this court the search and seizure was held unconstitutional and the IRS was ordered to return all the seized assets. Voss v. Bergsgaard, 774 F.2d 402, 406 (10th Cir.1985)
 
 
 [3]
 The NCBA refutes the characterization as a "partnership" but concedes that it is required to file the informational return under the "catch all" provision of I.R.C. 761(a) which defines a "partnership" for federal tax purposes as follows:
 [T]he term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation, a trust or an estate.
 26 U.S.C. 761(a).
 
 
 [4]
 The narrow exceptions to this general rule relate to issues of jurisdiction in the "case or controversy" limitation of article 3, section 2 of the United States Constitution, questions of sovereign immunity, Farmers Ins. Co., Inc. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989) (citations omitted), and cases where "the appellate court feels it must resolve a question of law to prevent a miscarriage of justice." Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). See also Unicover World Trade Corp. v. Tri-State Mint, Inc., 24 F.3d 1219, 1221 (10th Cir.1994) ("We will consider an issue that was not preserved for appeal only on a showing of manifest error.") (citations omitted). These exceptions do not apply in this case